UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL COMBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00216-JMS-DLP |
| | ) | |
| WARDEN,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus
And Denying a Certificate of Appealability**

Petitioner Michael Combs is serving a 61-year sentence for his 2012 Allen County, Indiana convictions for child molesting, neglect of a dependent, and battery. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Mr. Combs's petition for a writ of habeas corpus is **denied** and the action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

## I. Factual and Procedural Background

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). On appeal from the denial of post-conviction relief, the Indiana Court of Appeals summarized the relevant facts and procedural history:[2]

> In August 2010, Shanna Vorndran and her children, two-year old M.D. and one-year-old D.D., moved into a house in Fort Wayne with Combs, his sister, Anna Hogan, and Hogan's four children. M.D. had a speech delay and rarely talked.

---

[1] In 2017, the Indiana legislature changed the Department of Correction title of Superintendent to Warden. Indiana Senate Enrolled Act 387, Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The substitution of Warden for Superintendent is made in this action pursuant to *Fed. R. Civ. P.* 25(d).

[2] In his reply, Mr. Combs extensively disputes the facts as presented by the Indiana Court of Appeals. *See* dkt. 22 at 2-6. Because resolution of these facts is not necessary to the disposition of the Order, the Court will not opine on these facts.

Vorndran worked at a Wendy's restaurant, but Combs and Hogan were not working. Combs and Hogan watched the children while Vorndran worked. After moving into the house, Vorndran started noticing more bruises on M.D. and D.D. and noticed that M.D. had a rash around his anus and injuries to his anus and penis. Vorndran, Hogan, and a neighbor had also seen Combs hit M.D.

On September, 14, 2010, Vorndran worked from approximately 11:45 a.m. until 5:00 p.m. Vorndran did not recall having contact with her children before she left for work. Combs and Hogan watched the children while Vorndran was working. When Vorndran got home from work, she found D.D. on a bed, in pain, and with a swollen leg. Hogan said that D.D. had fallen out of his playpen. At approximately 10:00 p.m., Vorndran took D.D. to the hospital. Vorndran learned that D.D. had a spiral fracture of his femur, and he had surgery that night. The spiral fracture was inconsistent with a fall, and the Department of Child Services ("DCS") was contacted.

On September 15, 2010, Lanita Holder, a DCS family case manager, talked with Vorndran. Vorndran initially claimed that she and the children were living with her mother. However, Vorndran's mother reported that she had not seen Vorndran in months. When DCS family case managers and police officers arrived at Vorndran's house, they discovered that M.D. was filthy, covered with bruises, and had blood in his diaper. Combs claimed that M.D. had fallen out of the bathtub when he was watching him. DCS removed M.D. and Hogan's children from the residence. M.D. was examined at a sexual assault treatment center and at the hospital emergency room. The sexual assault nurse documented seventy-five injuries on M.D., including numerous bruises and abrasions on his body. M.D. had bruises and abrasions on his genitals and several tears to his anus, including one fresh tear. The anal injuries were consistent with more than one episode of anal intercourse or penetration by a blunt object. Hogan later reported to police that, on September 15, 2010, while Vorndran was at the hospital, she saw Combs having what appeared to be anal intercourse with M.D.

*Combs v. State*, No. 02A03-1209-CR-393 (Ind. Ct. App. Mar. 13, 2013) (emphasis added), *trans. denied*. The State charged Combs with Class A felony child molesting of M.D., Class B felony neglect of dependent D.D., Class B felony neglect of dependent M.D., and Class D felony battery of M.D. The jury found Combs guilty as charged, and the trial court sentenced him to an aggregate term of sixty-one-and-a-half years.

Combs appealed, raising insufficiency of the evidence for neglect of dependent D.D. and inappropriate sentence, and we affirmed. *See id*. [On transfer to the Indiana Supreme Court, Defendant reasserted his claims. Ex. H. On May 16, 2013, the Indiana Supreme Court denied transfer. Ex. C.]. [On July 5,] 2013, Combs, pro se, filed a petition for post-conviction relief, which he later amended. In response, the State filed a motion to require Combs to submit his case by affidavit pursuant to Indiana Post-Conviction Rule 1(9)(b). The post-conviction court granted the

State's motion. Combs then filed "affidavits" from Rebecca Schatzman, Imogene Combs, and Kathy Holland in order to prove that the State coerced Hogan into falsely testifying at trial that she saw Combs having what appeared to be anal intercourse with M.D. *See* Trial Tr. p. 434-36. The post-conviction court entered findings of fact and conclusions of law denying relief. Specifically, the court found that Rebecca's statement had "no tendency to establish that Anna Hogan later recanted her testimony at trial" and that Imogene's and Kathy's statements, which were not sworn under penalties of perjury, did "not assert that Anna Hogan [had] recanted her testimony at trial."

*Combs v. State*, No. 02A03-1602-PC-343, 2016 WL 5156312, *1-2 (Ind. Ct. App. 2016); dkt. 15-12.

On appeal from the denial of post-conviction relief, Mr. Combs argued: 1) the post-conviction court erred "in denying his motion to compel the State to provide him with 'missing discovery documents;'" 2) the post-conviction court erred in ordering the cause to be submitted by affidavit pursuant to Indiana Post-Conviction Rule 1(9)(b) and not holding an evidentiary hearing; and 3) that his trial counsel was ineffective for failing to object when the State committed prosecutorial misconduct. Specifically, Mr. Combs argued that the State committed misconduct by using false testimony from Hogan to convict him. Dkt. 15-12. On September 21, 2016, the Indiana Court of Appeals affirmed the denial of post-conviction relief. *Id.*

Mr. Combs sought review from the Indiana Supreme Court, arguing that: (1) the post-conviction court erred when it denied his motion to compel missing parts of the discovery; (2) the post-conviction court erred in ordering the cause to be submitted by affidavit pursuant to Indiana Post-Conviction Rule 1(9)(b) and not holding an evidentiary hearing; and (3) trial and appellate counsel were ineffective for failing to object to the State's alleged coercion of Hogan which resulted in her perjured testimony. Dkt. 15-13. On February 9, 2017, the Indiana Supreme Court denied transfer.

On May 12, 2017, Mr. Combs filed this petition for a writ of habeas corpus.

## II.     Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Mr. Combs's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"); *see Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and has emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

Where a claim has been adjudicated on the merits in state court, habeas relief is available under the deferential AEDPA standard only if the state court's determination was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).   Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010).  "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable

manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "Under § 2254(d)(2), a decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger,* 604 F.3d 394, 399–400 (7th Cir. 2010) (citing *Ward v. Sternes,* 334 F.3d 696 (7th Cir. 2003)). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

## III.    Discussion

Mr. Combs raises three grounds in his petition: (1) the post-conviction court abused its discretion in denying his motion to compel missing parts of the record; (2) the post-conviction court abused its discretion and violated his due process rights in denying an evidentiary hearing; and (3) ineffective assistance of trial counsel.

The respondent argues that grounds one and two are not cognizable as they relate to state-law errors, and ground three is procedurally defaulted. The respondent further argues that even if ground three was not procedurally defaulted, the Indiana Court of Appeals correctly applied established federal law in finding that Mr. Combs was not denied effective assistance of counsel.

In reply, Mr. Combs asserts his due process rights have been violated and therefore grounds one and two are not solely related to state-law errors. Mr. Combs does not address the procedural default of his ineffective assistance of trial court claims.

### A.    State Law Claims: Grounds One and Two

"A federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation and internal

quotation marks omitted). This doctrine is premised on the rule that federal courts have "no power to review a state law determination that is sufficient to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The state-law ground precluding review by a federal habeas court "may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker*, 562 U.S. at 315. Therefore, "[e]rrors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted).

Ground one relates to whether the post-conviction court abused its discretion in denying Mr. Combs's motion to compel missing parts of the record. On this issue, the Indiana Court of Appeals held:

> Combs first contends that the post-conviction court erred in denying his motion to compel the State to provide him with "missing discovery documents." Appellant's Br. p. 4. The record shows that in June 2014, Combs filed a motion asking the post-conviction court to "requir[e] [his trial] counsel to produce [his] attorney-client file" so that he could use it in seeking post-conviction relief. Appellant's App. p. 131. The court ordered the "Public Defender of Allen County to provide [Combs] all discoverable Portions of the file, excluding police reports, medical records, and work product." *Id.* at 129. In July 2014, the Public Defender's Office filed the following affidavit with the court: "*All discoverable portions* regarding Michael A. Combs' file ... were sent to the defendant at the Wabash Valley Correctional Facility, via certified mail, July 15, 2014." *Id.* at 130 (emphasis added). Several months later, in December 2014, Combs filed a "Motion to Compel," asking the court to compel *the State*—not defense counsel—to provide him with items that he claims were missing from the file. *Id.* at 99. The post-conviction court denied this motion. *Id* . at 147.
>
> Trial and post-conviction proceedings are governed by the same rules "'applicable in civil proceedings including pre-trial and discovery procedures.'" *Wilkes v. State,* 984 N.E.2d 1236, 1251 (Ind. 2013) (quoting Ind. Post–Conviction Rule 1(5)). That is, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter. Ind. Trial Rule 26(B). Trial and post-conviction courts are accorded broad discretion in ruling on discovery matters, and we will affirm their determinations absent a showing of clear error and resulting prejudice. *Wilkes,* 984 N.E.2d at 1251.
>
> Here, Combs sought his attorney-client file from his trial counsel. After receiving the discoverable portion of his file from the Allen County Public Defender's Office, Combs claimed that items were missing. *See* Appellant's Br. p.

4 ("The documents that were sent to the defendant were missing specific pages...."). Combs then sought to compel *the State*—not the public defender—to remedy this deficiency. Combs, however, first should have sought to compel the public defender to account for items he claims are missing. If that was not successful, then Combs should have sent a discovery request to the State for those items pursuant to Indiana Trial Rule 34, which governs the production of documents and electronically stored information. If the State failed to respond to this discovery request, then Combs could have applied for an order compelling discovery pursuant to Indiana Trial Rule 37(A) ("[I]f a party or witness or other person, in response to a request submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for ... an order compelling inspection in accordance with the request."). But here, Combs skipped these steps entirely. Accordingly, the post-conviction court acted within its discretion in denying Combs' motion to compel.

*Combs*, 2016 WL 5156312 at *3.

"Because a state trial court's evidentiary rulings . . . turn on state law, these are matters that are usually beyond the scope of federal habeas review." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). "However, a state defendant does have a Fourteenth Amendment due process right to a fundamentally fair trial." *Id.* Erroneous evidentiary rulings can only deny an individual the right to a fundamentally fair trial if they "produce[] a significant likelihood that an innocent person has been convicted." *Anderson v. Sterns*, 243 F.3d 1049, 1053 (7th Cir. 2001) (citation and quotation marks omitted). But every evidentiary challenge is not a due process claim. The petitioner has to "draw[] enough of a connection between his right to due process and the trial court's . . . evidentiary . . . errors to render his claim cognizable on habeas review." *Perruquet*, 390 F.3d at 512.

Here, the post-conviction court's "evidentiary" ruling on Mr. Combs's motion to compel was based on Mr. Combs's procedural defect in not requesting the documents from the appropriate party. This is not a due process claim. The decision by the state court here rests on a state law ground that is independent of any federal question and is adequate to support the judgment. Because Mr. Combs fails to identify any unreasonable application of clearly established federal

law and his argument is based solely on an alleged violation of Indiana trial procedure law, he is
not entitled to habeas corpus relief on this ground.

Ground two relates to whether the post-conviction court abused its discretion and violated
his due process in rights denying an evidentiary hearing. On this issue, the Indiana Court of
Appeals held:

> Combs next contends that the post-conviction court erred in ordering the
> cause to be submitted by affidavit and not holding an evidentiary hearing. Indiana
> Post–Conviction Rule 1(9)(b) governs this procedure:
>
>> In the event petitioner elects to proceed pro se, the court at its
>> discretion may order the cause submitted upon affidavit. It need not
>> order the personal presence of the petitioner unless his presence is
>> required for a full and fair determination of the issues raised at an
>> evidentiary hearing.
>
> The purpose of Post–Conviction Rule 1(9)(b) is to allow for more flexibility
> in both the presentation of evidence and the review of post-conviction claims where
> the petitioner proceeds pro se. *Smith v. State*, 822 N.E.2d 193, 201
> (Ind.Ct.App.2005), *trans. denied*. Accordingly, if the post-conviction court orders
> the cause submitted by affidavit under Rule 1(9)(b), it is the court's prerogative to
> determine whether an evidentiary hearing is required, along with the petitioner's
> personal presence, to achieve a full and fair determination of the issues raised. *Id.*
>
> Combs claims that the affidavits he submitted create an issue of fact
> concerning whether the State coerced his sister, Hogan, into falsely testifying at
> trial that she saw Combs having what appeared to be anal intercourse with M.D.,
> *see* Trial Tr. p. 434–36, and therefore an evidentiary hearing was required under a
> different post-conviction rule, Post–Conviction Rule 1(4)(g) ("If an issue of
> material fact is raised, then the court shall hold an evidentiary hearing as soon as
> reasonably possible."). This Court has already addressed this precise question. That
> is, factual statements in affidavits often raise issues of fact; accordingly, to require
> a full evidentiary hearing any time affidavits submitted under Rule 1(9)(b) create
> issues of fact would defeat the purpose of Rule 1(9)(b). *Smith*, 822 N.E.2d at 201.
> Accordingly, the decision whether to hold an evidentiary hearing for "a full and fair
> determination of issues raised," like the decision to proceed by affidavit, is best left
> to the post-conviction court's discretion; "Rule 1(4)(g), concerning summary
> disposition, has no bearing on the matter." *Id.*
>
> Here, the post-conviction court determined that Combs' affidavits did not
> create an issue of fact as to whether the State had coerced Hogan to testify falsely
> at trial. Accordingly, the post-conviction court did not abuse its discretion in
> ordering the cause to be submitted by affidavit and not holding an evidentiary
> hearing.

*Combs*, 2016 WL 5156312 at *4.

The decision by the state court here rests on a state law ground that is independent of any federal question and is adequate to support the judgment. Because Mr. Combs fails to identify any unreasonable application of clearly established federal law and his argument is based solely on an alleged violation of Indiana post-conviction procedural law, he is not entitled to habeas corpus relief on this ground.

### B.      Ground Three: Ineffective Assistance of Counsel

#### 1.      Procedurally Defaulted Grounds

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, that means presenting his arguments in a petition to transfer to the Indiana Supreme Court. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

In his petition, Mr. Combs argues that his trial counsel provided ineffective assistance of counsel for: (1) failing to investigate and in so doing inappropriately advising him to accept a plea deal that was not in his best interests; (2) failing to review any of the depositions to identify Christina Hogan's allegedly inconsistent statements; (3) failing to file a motion for discovery of

the plea agreement made between the State and Anna Hogan; (4) failing to interview the individuals to whom Anna Hogan allegedly recanted; (5) failing to review the testimony of Anna Hogan; and (6) failing to pursue available information and excluding Anna Hogan's testimony, collectively referred to as "IAC claims." *See* dkt. 2 at 6.

On appeal from the denial of post-conviction relief, on this issue, Mr. Combs argued that his trial counsel provided ineffective assistance of counsel for failing to investigate and advising him to accept a plea deal that was not in his best interests, in part for failing to object to Anna Hogan's testimony. Dkt. 15-9 at 20. On September 21, 2016, the Indiana Court of Appeals affirmed the denial of post-conviction relief. *Combs*, 2016 WL 5156312 at *4-5 ("Combs' arguments listed under this section of his brief are very difficult to decipher. Combs appears to argue that his trial counsel was ineffective for failing to object when the State committed prosecutorial misconduct.").

In his petition to transfer to the Indiana Supreme Court, on this issue, Mr. Combs argued that his trial counsel was ineffective for failing to object to Anna Hogan's testimony at trial and argue against prosecutorial misconduct. He also argued that his appellate counsel was ineffective for failing to raise prosecutorial misconduct on direct appeal. *See* dkt. 15-13 at 9-10.

Mr. Combs arguably raised IAC claims one (advice to accept plea deal) and six (objecting to Anna Hogan's testimony) in his appeal from the denial of post-conviction relief. However, he did not present IAC claim one in his petition for review to the Supreme Court of Indiana. He never raised IAC claims two through five to the Indiana Court of Appeals or Supreme Court of Indiana. Because Mr. Combs did not fairly present IAC claims one through five of ineffective assistance of counsel to each and every level in the state court system, he failed to exhaust his state court remedies. At this juncture, this failure constitutes a procedural default of these grounds.

"A procedural default can be overlooked when the petitioner demonstrates cause for the default and consequent prejudice, or when he shows that a fundamental miscarriage of justice will occur unless the federal court hears his claim." *Wilson v. Briley*, 243 F.3d 325, 329 (7th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). However, Mr. Combs does not address the procedural default issue or make the required showing. Accordingly, Mr. Combs is not entitled to habeas relief on IAC claims one through five.

2.    Indiana Court of Appeals' Application of *Strickland*

*Strickland v. Washington,* 466 U.S. 668, 684 (1984), supplies the clearly established federal law, as determined by the Supreme Court of the United States that governs a claim of ineffective assistance of counsel.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence" entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence. *Id.,* at 685–687. "Under *Strickland,* we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra,* at 688, 694).

*Hinton v. Alabama,* 134 S. Ct. 1081, 1087-88 (2014) (parallel citations omitted). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686. This Court must give "double deference" to the state court's ruling on ineffective assistance of counsel claims because habeas review under AEDPA requires a habeas court to give the state court and the defense attorney the benefit of the doubt. *Woods v. Donald,* 135 S. Ct. 1372, 1376 (2015).

Without directly citing *Strickland*, the Indiana Court of Appeals applied the *Strickland* standard:

> A defendant claiming that his attorney was ineffective at trial must show by a preponderance of the evidence that (1) counsel's performance fell below the objective standard of reasonableness based on "prevailing" professional norms and (2) the defendant was prejudiced by this substandard performance, i.e., there is a "reasonable probability" that, but for counsel's errors or omissions, the outcome of the trial would have been different. *Stephenson,* 864 N.E.2d at 1031. "We afford great deference to counsel's discretion to choose strategy and tactics, and strongly presume that counsel provided adequate assistance and exercised reasonable professional judgment in all significant decisions." *McCary v. State,* 761 N.E.2d 389, 392 (Ind. 2002), *reh'g denied.*

*Combs*, 2016 WL 5156312 at *4. The court also explained the standard for prosecutorial misconduct: "[i]n order to prevail on an ineffective-assistance-of-counsel claim because of prosecutorial misconduct, a petitioner must first establish that prosecutorial misconduct occurred. *Laux v. State*, 985 N.E.2d 739, 750 (Ind. Ct. App. 2013), *trans. denied.*" *Id.* at *5.

Applying these standards, the Indiana Court of Appeals held:

> Combs claims that the State committed misconduct by using false testimony from Hogan to convict him. *See Smith v. State,* 34 N.E.3d 1211, 1220 (Ind. 2015). As support, Combs claims that Hogan, *in a pretrial deposition,* made two conflicting statements, one of which was necessarily false. In the first statement, Hogan said that she saw Combs having anal intercourse with M.D. In the second statement, Hogan indicated that she did not see penetration but that the circumstances, e.g., the position of Combs and M.D. and the fact that both of their pants were down, led her to believe that Combs was having anal intercourse with M.D. *See* Appellant's App. p. 82, 90 (Hogan's deposition excerpts). These two statements are not inconsistent. Moreover, Combs does not cite to any false evidence that the prosecutor presented *at trial.* Accordingly, his ineffective-assistance claim fails.

*Id.*

This assessment is compatible with the federal *Strickland* standard. And because of this reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be

disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011). Accordingly, Mr. Combs is not entitled to habeas relief on this ground.

## IV.    Conclusion

This Court has carefully reviewed the state record in light of Mr. Combs's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. Having applied the appropriate standard of review, and having considered the pleadings and the record, Mr. Combs's petition for writ of habeas corpus must be **denied.**

Judgment consistent with this Entry shall now issue. The **clerk is directed to update the docket** to reflect the substitution of Warden for Superintendent as the Respondent in this action.

## V.    Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/2/2018

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL COMBS
222443
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronically Registered Counsel